UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ROBERT KEITH DENNIS, | |
|---|---|
| Petitioner, | NO. CV-S-08-1214-JLQ |
| v. | **MEMORANDUM OPINION;** |
| JAMES YATES, et al., | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS;** |
| Respondents. | **ORDER DENYING CERTIFICATE OF APPEALABILITY** |

**BEFORE THE COURT** is Mr. Robert Dennis' pro se Petition for Writ of Habeas Corpus (Ct. Rec. 1) pursuant to 28 U.S.C. § 2254, to which the Respondent has Responded in Opposition (Ct. Rec. 15) and Mr. Dennis has Replied by Traverse (Ct. Rec. 18). Mr. Dennis submits five grounds to justify habeas relief. First, that for the purposes of sentencing, he served two prior prison terms and not three; second, that the laboratory erred in handling physical evidence; third, that he received ineffective assistance of counsel; fourth, that the trial court applied the wrong standard of review; and fifth, that the laboratory fee assessed to him by the court was unconstitutional.

I. Introduction

A. Facts

In March of 2005, Petitioner, Robert Dennis ("Dennis") was found to be in possession of a stolen vehicle by police officers in Butte County, California, on the basis of an anonymous tip. Police found a small bag of methamphetamine in Mr. Dennis'

ORDER - 1

pocket.  Mr. Dennis was charged with possession of methamphetamine, receipt of stolen property, and unlawful taking of a vehicle (Case No. CM022680).  After the denial of his suppression motions, Mr. Dennis plead no contest to methamphetamine possession and admitted to having served three prior prison terms and committing five prior felonies.  Under the terms of his plea agreement, Mr. Dennis was placed on Proposition 36 probation.

In October of 2005, a probation violation petition was filed against Mr. Dennis, the basis of which was the termination, without the court's permission, of his involvement in a residential treatment program.  Mr. Dennis admitted to the violation and his probation was reinstated.

In December of 2005, another probation violation petition was filed against Mr. Dennis, alleging failure to provide a urine sample, and a bench warrant was issued.  Based on an anonymous tip, police found Mr. Dennis residing with his girlfriend in a stolen trailer, with a bag of methamphetamine, two hypodermic needles, and a spoon with residue in his possession.  Mr. Dennis admitted to the violation of probation in Case No. CM022680, and he also pled no contest to vehicle theft in a case based on new charges stemming from this latest encounter with police (Case No. CM024364).

In February of 2006, Mr. Dennis' probation was terminated in Case No. CM022680, and he was sentenced to three years imprisonment.  He was also sentenced to three concurrent years of imprisonment in Case No. CM024364.  One year was added for each of his three previous prison terms, for an aggregate sentence of six years.  Mr. Dennis is currently incarcerated in California state prison.

B.  Procedural History

Mr. Dennis filed a notice of appeal with the California Court of Appeals, and the trial court subsequently recalled his sentence, opining that it had not sufficiently reviewed some of his motions, particularly a *Faretta* motion. Mr. Dennis' *Faretta* motion was granted, and he was allowed to make a number of additional motions.  All of these motions were denied, and Mr. Dennis was re-sentenced to the original sentence and

ORDER - 2

ordered to pay several court fees, including a $50 laboratory fee.

Mr. Dennis appealed this judgment. On October 11, 2007, the judgment was affirmed by the California Court of Appeals. On January 16, 2008, the California Supreme Court denied Mr. Dennis' Petition for Review. Mr. Dennis filed a Petition seeking habeas relief with this court on June 2, 2008. It is uncontested that the Petition was timely filed.

## II. Standard of Review

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Mr. Dennis' Petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as his federal petition was filed in 2008. *Woodford v. Garceau*, 538 U.S. 202, 210 (2003)(holding that AEDPA applies to applications filed in the federal courts after April 24, 1996). "We . . . review the state court's determinations through a "highly deferential" lens." *Matylinksy v. Budge,* 577 F.3d 1083, 1090 (9th Cir. 2009).

## III. Discussion

A. <u>Prior Prison Terms</u>

Mr. Dennis first contends that he should have received only a two year enhancement for prior prison terms instead of three, as he had only been incarcerated on two previous occasions. Ct. Rec. 1, 5(a). Mr. Dennis does not dispute that he was incarcerated on three different charges, rather he argues that because he was never released from prison between serving the second and third sentences, he never obtained his freedom, thereby rendering them one sentence, not two, making his total prison terms two and no three. Ct. Rec. 18, 21:9-14.

As a threshold matter, Mr. Dennis has not argued what clearly established Federal law was violated by the state court's finding of three prior terms of incarceration, aside from general protestations of unfairness.  As Respondent correctly argues, this claim is foreclosed to Mr. Dennis because it is a matter of state law.  "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984).  In the case of Mr. Dennis, the California Court of Appeals concluded that California Penal Code § 667.5 required prison terms served after a pervious term has expired to be considered separate terms of incarceration, even when a prisoner is not released from custody between the serving of the terms.  *People v. Cardenas*, 192 Cal.App.3d 51, 59 (Cal.App. 1987).

This court cannot review a California court decision interpreting California state law absent a showing that such ruling violated clearly established Federal law, a showing Mr. Dennis has failed to make. *See Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 993)(Constitutional due process does not allow a Federal habeas court to reverse a sentencing decision made on state law grounds).  State court rulings are accorded a high degree of deference pursuant to *Matylinsky, supra*.  Accordingly, Mr. Dennis' Petition is **DENIED** as to Ground I, the prison term claim.

B.  Insufficient Evidence

Mr. Dennis next contends that the laboratory that weighed and tested the methamphetamine seized from his person in March of 2005 erred by, *inter alia*, transposing two numbers on the sample identification, therefore he should have been allowed to withdraw his plea of guilty.  Ct. Rec. 1, 5(b).

California state law considers a *nolo contendere* plea to be equivalent to a plea of guilty.  Cal.Penal Code § 1016.  A criminal defendant who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek Federal habeas relief on the basis of pre-plea constitutional violations.  *Hudson v. Moran,* 760 F.2d 1027, 1029-30 (9th Cir. 1985).  It is undisputed that Mr. Dennis plead guilty to possessing methamphetamine in Case No. CM022680.  Accordingly, Mr. Dennis' Petition is

ORDER - 4

**DENIED** as to Ground II, the insufficiency of evidence claim.

C.  Ineffective Assistance of Counsel

 Mr. Dennis next contends he was denied his Constitutional right to the effective assistance of counsel because his trial counsel failed to investigate and argue the issues raised in Grounds I (prior prison terms) and II (insufficient evidence).  Ct. Rec. 1, 5©.

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components: first, defendant must show that counsel's performance was deficient, requiring showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed defendant by the Sixth Amendment and, second, defendant must show that the deficient performance prejudiced the defense by showing that counsel's errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.,* at 694.  A Federal habeas court does not *de novo* review a claim of ineffective assistance of counsel arising from state proceedings. "Rather, it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner."  *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

With regard to Mr. Dennis' claim that his counsel was ineffective for failing to argue his prior prison terms, the California Court of Appeals applied *Strickland* and found that Mr. Dennis' counsel could not be deemed ineffective for failing to raise a meritless argument.  Lodged Doc. 4, 9. In Mr. Dennis' claims regarding the laboratory's handling of the methamphetamine in question, the California Court of Appeals found the claim failed because Mr. Dennis stated facts outside the record and did not demonstrate what efforts his counsel made or needed to make to further this claim.  Lodged Doc. 4, 9-10.

Both of these decisions by the California state court are reasonable, and do not constitute an unreasonable application of clearly established Federal law.  Furthermore, Mr. Dennis waived any allegations of pre-plea Constitutional violations when he plead guilty.  *Hudson, supra.*  Accordingly, Mr. Dennis' Petition is **DENIED** as to Ground III.

ORDER - 5

### D. Standard of Review

Mr. Dennis next contends that the California Court of Appeals relied on findings of fact that were untrue, and that the California trial court utilized an improper standard of review in sentencing. Ct. Rec. 1, 5(d).

Mr. Dennis's allegations of the California Court of Appeals' reliance on untrue facts fail because Mr. Dennis has failed to exhaust his state remedies, a requirement for Federal habeas relief. *See* 28 U.S.C. § 2254(b). Mr. Dennis raised the factual issues for the first time on appeal to the California Supreme Court. The issue was denied review, as such factual allegations are required to first be raised with the Court of Appeals through a Petition for Rehearing. *See* Cal. Rules of Court, 29(b). If he believes the Court of Appeals relied on untrue facts, Mr. Dennis' next avenue of redress was a Petition for Rehearing filed with that court and then presentation to the California Supreme Court.

Mr. Dennis also contends that the California trial court's utilization of a "preponderance of the evidence" standard in revoking his probation violates his Sixth Amendment right to a jury trial and his Fourteenth Amendment right to proof beyond a reasonable doubt. Ct. Rec. 1, 5(d); Ct. Rec. 18, 27:11-18. As discussed in Part III-A, *supra*, a Federal habeas court will not review a California court decision interpreting California state law absent a showing that such ruling violated clearly established Federal law. *See Hendricks, supra*. State court rulings are accorded a high degree of deference pursuant to *Matylinsky, supra*.

It is true that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. *Blakely v. Washington*, 542 U.S. 296, 301 (2004). Aggravating factors need not be submitted to a jury, however, when they are admitted by a criminal defendant. *Apprendi v. New Jersey*, 530 U.S. 466, 488 (2000). The California Court of Appeals concluded that, since Mr. Dennis admitted to his prior felonies, the trial court did not run afoul of the Sixth Amendment by not submitting the

1

2  factors to a jury.  "The trial court expressly stated that, '[a]ny one of those factors would
3  be sufficient for the upper term sentence.'  The factors relied upon by the trial court [Mr.
4  Dennis' five prior felonies, three prison terms, and commitment of the offense while on
   probation] did not have to be submitted to a jury."  Lodged Doc. 4, 11-12.  Furthermore,
5  pursuant to *Blakely*, prior convictions need not be submitted to a jury.  As the Supreme
6  Court noted in *Apprendi*, prior convictions are "entered pursuant to proceedings with
7  substantial procedural safeguards of their own."  *Apprendi*, 530 U.S., at 488.  The
8  California state courts' rejection of Mr. Dennis' claim was not contrary to, nor an
9  unreasonable application of, clearly established Federal law.  Accordingly, Mr. Dennis'
10 Petition is **DENIED** as to Ground IV.

11 E.  Laboratory Fee

12      Mr. Dennis' last claim is that the laboratory fee of $50 imposed on him by the trial
13 court was excessive under the Eighth Amendment.  Ct. Rec. 1, 5(e).  Petitions for habeas
14 relief may only issue to a person in custody.  28 U.S.C. § 2254(a).  The imposition of a
15 fine is not custodial in nature.  *Dremann v. Francis,* 828 F.2d, 6-7 (9th Cir. 1987).  An
16 inmate may not seek relief from a non-custodial punishment such as a fine or restitution
17 order through a Petition for habeas relief made whilst in custody.  *U.S. v. Thiele*, 314
18 F.3d 399, 402 (9th Cir. 2002).  Accordingly, Mr. Dennis' Petition is **DENIED** as to
19 Ground V.

20                    IV.  Conclusions

21      The California state court rulings regarding Mr. Dennis' prior prison terms were
22 not contrary to, or an unreasonable application of, clearly established Federal law.  Mr.
23 Dennis' claim regarding the insufficiency of the evidence is barred by virtue of his guilty
24 plea**.**  The California state court's application of *Strickland* to his claim of ineffective
25 assistance of counsel was reasonable.  The California state court rulings did not err in
26 concluding that prior convictions and aggravating sentencing factors admitted to by Mr.
27 Dennis did not need to be submitted to a jury.  Mr. Dennis cannot attack a fine through a
28 petition for habeas relief.

ORDER - 7

In accordance with the recently amended Rule 11 of the Rules Governing Section 2254 and 2255 cases, this court denies a certificate of appealability in this matter, the court finding no procedural or constitutional issues exist that jurists of reason would find debatable.

Accordingly,

**IT IS HEREBY ORDERED**:

Mr. Dennis' Petition for Writ of Habeas Corpus (Ct. Rec. 1) is **DENIED**.

The Clerk is hereby directed to enter this Order, enter judgment denying the Petition for Writ of Habeas Corpus with prejudice, furnish copies to counsel and Mr. Dennis, and close the case file.

**DATED** this 12th  day of January , 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 8